EDGAR CARRANZA, ESQ.
Nevada Bar No. 5902
ASHLEY E. WALTERS, ESQ.
Nevada Bar No. 16338
MESSNER REEVES LLP
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
ecarranza@messner.com
awalters@messner.com

*Attorneys for Defendant*
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLINE SIMMS;<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; a Foreign Corporation; DOE Employee I, an individual; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>　　　　Defendants. | CASE NO.:  2:25-cv-01619-ART-EJY |

**STIPULATION AND ORDER TO EXTEND
DISCOVERY PLAN AND SCHEDULING ORDER
[FIRST REQUEST]**

Plaintiff, CAROLINE SIMMS, by and through counsel, Gregory A. Kraemer, Esq. of Morgan & Morgan, and Defendant, COSTCO WHOLESALE CORPORATION, by and through counsel, Edgar Carranza, Esq. and Ashley E. Walters, Esq. of the law firm MESSNER REEVES LLP, hereby

Page **1** of 7

submit the instant stipulation and order to extend the Discovery Plan and Scheduling Order pursuant to Local Rule II 26-4 as follows:

**I.     GOOD CAUSE SUPPORTING THE EXTENSION.**

The parties come to this Court seeking a first extension of the Discovery Plan and Scheduling Order governing this premises liability/personal injury case. The parties have begun to diligently move this case forward, but significant discovery remains to be completed which warrants the requested extension.

**A.     SUMMARY OF EFFORTS THUS FAR.**

This lawsuit involves allegations that Plaintiff, CAROLINE SIMMS suffered personal injuries as a result of a fall she experienced while at the Costco warehouse, located at 791 Marks St., Henderson, NV, 89014.

On June 20, 2025, Plaintiff filed her Complaint against Costco with the Eighth Judicial District Court for Clark County, Nevada. On August 12, 2025, Costco filed its Answer denying Plaintiff's allegations and denying all liability for the injuries.

On August 29, 2025, Costco filed its Notice of Removal and removed the matter to this Court based on diversity jurisdiction. On September 11, 2025, Costco filed its Statement Regarding Removal. On September 12, 2025, Plaintiff filed a Motion to Remand to State which is pending before this court.

The parties participated in the Fed. R. Civ. P. 26(f) conference on November 10, 2025, and filed their proposed Joint Discovery Plan and Scheduling Order on November 13, 2025.

On September 11, 2025, the parties submitted a Stipulated Confidentiality Agreement and Protective Order which was denied by the Court on September 15, 2025.

In the interim, the parties have been engaged in discovery.  Initially, after meeting to complete

the FRCP 26 conference, the parties exchanged their respective Fed. R. Civ. P. 26 disclosures. Costco then served its first set of written discovery requests to Plaintiff on November 17, 2025 and her responses are currently due December 31, 2025. Similarly, Plaintiff served her first set of written discovery requests to Costco on November 19, 2025, and are currently due December 19, 2025.

At the same time, Defendant Costco is in the process of securing Plaintiff's medical records directly from the health care providers by setting custodian of records depositions for each provider. As the medical records are received, supplemental disclosures will be served to provide the records to all parties.

Finally, the parties intend to schedule depositions for the parties after the holidays. The parties also anticipate that the depositions of some of Plaintiff's treating physicians will follow the completion of the fact related depositions. This will, no doubt, be followed by the deposition of the parties' respective experts.

Due to the schedules of counsels and witnesses, parties are unable to complete these depositions prior to the current expert disclosure deadline.

**B.    GOOD CAUSE.**

This is a significant personal injury matter that will require significant effort by both parties. Plaintiff has already identified past medical expenses and future medical expenses is still unknown, to name some of the damage components identified thus far. Significant effort will be required to address each of the damage components, and the liability portion of this case. The parties have been diligently moving discovery forward but there are important medical records outstanding that may directly affect medical provider depositions needed and resolution efforts. The outstanding records are also required to retain experts and to move forward with Plaintiff's deposition. Additionally, Plaintiff has requested the deposition of Costco's 30(b)(6) witnesses. Costco is still working on

identifying the appropriate witness(es) to testify as to the requested topics.

The parties intend to schedule the depositions after the holidays. Due to the schedules of counsels and witnesses, parties are unable to complete these depositions prior to the current expert disclosure deadline.

## II. DISCOVERY COMPLETED TO DATE.

In accordance with LR II 26-4(a), the Parties provide the following statement of discovery completed to date:

    A.    Plaintiff's Discovery.

        1.    Plaintiff's FRCP 26 initial disclosures served 11-14-25.

        2.    Plaintiff's First Set of Requests for Production of Documents to Defendant served on 11-19-25.

        3.    Plaintiff's First Set of Interrogatories to Defendant served on 11-19-25.

    B.    Defendant's Discovery.

        1.    Costco's FRCP 26 initial disclosures served 11-13-25.

        2.    Costco's First Set of Interrogatories to Plaintiff served 11-17-25.

        3.    Costco's First Set of Requests for Production to Plaintiff served 11-17-25.

        4.    Costco has set the Custodian of Records deposition 01-09-26.

## III. DISCOVERY REMAINING TO BE COMPLETED.

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

    A.    Plaintiff's remaining discovery.

        1.    Plaintiff must designate initial experts and produce the required report and materials.

        2.    Plaintiff must designate rebuttal experts and produce the required report and materials.

        3.    Deposition(s) of Costco's experts must be taken.

    4. Depositions of Costco's personnel.

    5. Deposition of Costco's 30(b)(6) witness.

  B. Defendant's remaining discovery:

    1. Depositions of Plaintiff.

    2. Deposition of percipient witnesses.

    3. Depositions of Plaintiff's treating providers.

    4. Obtain medical provider's records.

    5. Costco must designate initial experts and produce the required report and materials.

    6. Costco must designate rebuttal experts and produce the required report and materials.

    7. Deposition(s) of Plaintiff's expert must be taken.

**IV. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED.**

As referenced above, the parties initially devoted some time to removing the case to this Court.

Later, considerable effort and time was spent crafting, negotiating and ultimately agreeing to the Stipulated Confidentiality Agreement and Protective Order, which has been submitted to this Court. By agreeing to the same, the parties hope to facilitate the exchange of confidential and/or proprietary material during discovery which could avoid delays as this case moves forward.

Once the parties embarked on discovery, they have been able to move this matter forward with the appropriate diligence. As detailed above, significant discovery has been completed including the exchange of initial disclosures, written discovery and Defendant will be serving subpoenas to secure independent copies of Plaintiff's medical records.

Once the medical records have been secured, Defendant Costco intends to take the deposition

of Plaintiff. Plaintiff's deposition and the pending medical records are essential to obtain prior to expert disclosure as these are necessary documents for the experts to consider in forming their opinions. Therefore, despite the diligent efforts, significant discovery remains to be completed including completion of Plaintiff's deposition after medical records are received, completion of Costco's Rule 30(b)(6) deposition. Plaintiff's medical providers must also be deposed as well as the parties' respective expert witnesses, which cannot be accomplished without the relevant medical records. The experts also need to have available the deposition testimony of some of the providers in order to render a comprehensive opinion of their respective areas of expertise. Finally, there is excusable neglect due to the holidays, schedules of counsel and witnesses, parties are unable to complete these necessary depositions prior to the current expert disclosure deadline.

Moreover, parties are discussing possible early settlement. To conserve the Court's time and resources, the parties are requesting additional time to come to explore an agreement outside of court and save time, effort and expense for all sides.

**V.   PROPOSED SCHEDULE FOR COMPLETING DISCOVERY.**

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties respectfully submit that this constitutes good cause to extend the current deadlines by 90 days. The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| SCHEDULED EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Discovery Cut Off | February 25, 2026 | **May 26, 2026** |
| Amend Pleadings/Add Parties | November 25, 2025 | **Closed** |
| Initial Expert Disclosures | December 26, 2025 | **March 26, 2026** |
| Rebuttal Expert Disclosures | January 26, 2026 | **April 27, 2026** |

| Dispositive Motions | March 25, 2026 | **June 23, 2026** |
|---|---|---|
| Joint Pre-Trial Order | April 24, 2026 | **July 23, 2026** |

This is the first request for extension of time in this matter and no trial date will be impacted by the extension as no such trial date has been set. The parties submit that the reasons set forth above constitute good cause for the requested extension.

DATED this 17th day of December 2025.         DATED this 17th day of December 2025.

**MESSNER REEVES LLP**                         **MORGAN & MORGAN**

*/s/ Edgar Carranza*                           */s/ Gregory Kraemer*

EDGAR CARRANZA, ESQ. (NBN 5902)               GREGORY KRAEMER, ESQ. (NBN 10911)
ASHLEY E. WALTERS (NBN 16338)                 Morgan & Morgan
8945 West Russell Road, Suite 300             6725 Via Austi Parkway Suite 275
Las Vegas, Nevada 89148                       Las Vegas, NV 89119
*Attorneys for Defendant*                     702-765-3281
COSTCO WHOLESALE CORPORATION                  *Attorney for Plaintiff*
                                              CAROLINE SIMMS

IT IS SO ORDER.

Dated this <u>17th</u> day of December 2025.

_____
UNITED STATES MAGISTRATE JUDGE

Page 7 of 7

**Patti Sherretts**

| | |
|---|---|
| **From:** | Gregory Kraemer <gkraemer@forthepeople.com> |
| **Sent:** | Wednesday, December 17, 2025 11:17 AM |
| **To:** | Edgar Carranza |
| **Cc:** | Sam Earnest; Melissa Martinez; Jeannette Tracer; Patti Sherretts; Ashley E. Walters |
| **Subject:** | RE: *EXT*Costco adv. Simms.... |

**[ CAUTION: This Email is from an External Sender ]**

Looks good. You may affix my e-signature and file.

Thanks.

**Gregory Kraemer**
Attorney

T: (725) 765-3281
F: (689) 285-6860
6725 Via Austi Pkwy, Suite 275,
Las Vegas, NV 89119



$25B+ Recovered • 1,000+ Attorneys • 120+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

**From:** Edgar Carranza <ECarranza@messner.com>
**Sent:** Wednesday, December 17, 2025 10:10 AM
**To:** Gregory Kraemer <gkraemer@forthepeople.com>
**Cc:** Sam Earnest <searnest@forthepeople.com>; Melissa Martinez <melissamartinez@forthepeople.com>; Jeannette Tracer <jeannette.tracer@forthepeople.com>; Patti Sherretts <PSherretts@messner.com>; Ashley E. Walters <AWalters@messner.com>
**Subject:** *EXT*Costco adv. Simms....

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Greg:

Attached please find the proposed **Stip & Order to Extend Schedules Order** for your review. We provide it in Word format to allow you to make some redline changes if needed. If not, please confirm that we have your authority to include your e-signature and submit to the Court.

Thank you.

1